# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CLAUDETTE RABDEAU,

     **Plaintiff,**

     **v.**                         **Case No. 22-CV-674**

MARTIN J. O'MALLEY,
Commissioner of Social Security[1],

     **Defendant.**

## DECISION AND ORDER ON PLAINTIFF'S
## MOTION TO ALTER OR AMEND THE JUDGMENT

Claudette Rabdeau appealed the final decision of the Commissioner of the Social Security Administration denying her claim for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, 1381 *et seq.* (Docket # 1.) Rabdeau argued the ALJ erred in two ways: (1) that ALJ Freyberg's departure from ALJ Gendreau's prior finding of one migraine-related absence per month was legal error and/or not supported by substantial evidence and (2) that ALJ Freyberg's omission of a limitation on migraine-related absences was not supported by substantial evidence. (Pl. Br., Docket # 16.)

On September 1, 2023, I issued a decision affirming the Commissioner's decision and dismissing the case. (Docket # 26.) I found that ALJ Freyberg's decision, although it departed from ALJ Gendreau's migraine-related absence finding, was supported by substantial evidence. Presently before me is Rabdeau's motion to alter or amend the judgment pursuant

---

[1] The Court has changed the caption to reflect Martin J. O'Malley's recent appointment as Commissioner of Social Security.

to Federal Rule of Civil Procedure 59(e). (Docket # 28.) For the reasons I explain below, Rabdeau's motion is denied.

Rule 59(e) allows a party to move the court for reconsideration of a judgment within 28 days following the entry of the judgment. A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656 (N.D. Ill. 1982), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Apart from manifest errors of law, "reconsideration is not for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Whether to grant a motion for reconsideration "is left to the discretion of the district court." *Id.*

Rabdeau argues that (1) *Martin v. Saul*, 950 F.3d 369 (7th Cir. 2020) is a controlling precedent in her case and that (2) the court's failure to recognize *Martin* as such constituted a "manifest error of law." (Docket # 29 at 3–5.) In *Martin*, like in this case, an ALJ reviewing an applicant's case on remand made a different determination regarding the applicant's impairments than the initial ALJ had made before remand. *Id.* at 372. In *Martin*, like in this case, the applicant tried to argue that the second ALJ was bound by the first ALJ's findings by operation of law. *Id.* at 373. In *Martin*, the proposed legal mechanism was the law of the case doctrine. *Id.* The Seventh Circuit declined to apply the law of the case doctrine in *Martin*

because "the operation of the doctrine in this area is complex and underdeveloped," but did order remand because there was "nowhere close to substantial support in the record" for the second ALJ's determination that the applicant could perform physical work at all exertional levels. *Id.* at 374–75.

Rabdeau is incorrect that *Martin* is a controlling precedent in this case. Controlling precedent "governs a disposition because it has been issued by a court whose decisions must be followed and because *the facts make the earlier decision indistinguishable* from the case now to be decided." *Controlling Law*, Black's Law Dictionary (11th ed. 2019) (emphasis added). In *Martin*, independent of the initial ALJ's determination, there was insufficient support in the record for the second ALJ's determination. In this case, as discussed in the court's order, there *was* substantial evidence to support ALJ Freyberg's determination. As such, *Martin* is distinguishable.[2]

Rabdeau's argument centers on the following language from *Martin*:

What most concerns us is that the second ALJ did not grapple with the first ALJ's findings that Martin could perform only sedentary work. And that was so even though the second hearing entailed the presentation of no new evidence bearing on Martin's physical limitations. While the law may not compel a comparative analysis, we would have expected the second ALJ to explain the basis for reaching such a vastly different conclusion about whether Martin's physical condition affected the jobs she could perform.

*Id.* at 376. This language certainly encourages ALJs to explain why they disagree with their colleagues when evaluating the same record, but on its face, it does not create a requirement that they do so. The expectation expressed by the Seventh Circuit that the second ALJ would

---

[2] This court and another in the Seventh Circuit have distinguished *Martin* on the same grounds. *See, e.g.*, *James L. v. Kijakazi*, Case No. 21-2245, 2023 WL 2639985, at *1 (C.D. Ill. Feb. 21, 2023); *Rienas v. Kijakazi*, Case No. 22-CV-863, 2023 WL 6295391, at *10 (E.D. Wis. Sept. 27, 2023). Similarly, another district court in the Seventh Circuit has cited to *Martin* as supporting authority when finding that a second ALJ's contrary determination was *in*sufficiently supported. *See Michalak v. Kijakazi*, CAUSE NO. 2:20-CV-276-PPP-JPK, 2021 WL 6280185, at *5 (N.D. Ind. Dec. 21, 2021).

3

have explained their disagreement with the initial ALJ goes to the actual holding in *Martin*: that there was insufficient support for the second ALJ's determination. After all, had the second ALJ explained their disagreement, and had that explanation been sound, the second ALJ's determination would have been supported. In other words, the absence of explanation was an indicator of a lack of record support.

Because *Martin* is distinguishable from Rabdeau's case, it is not a controlling precedent, and it was not manifest error for this court to disregard it in its decision affirming the Commissioner's decision. Moreover, consideration of *Martin* does not alter the analysis in Rabdeau's case. As Rabdeau has failed to show a manifest error of law or fact, there is no basis on which to alter or amend the judgment pursuant to Rule 59(e). Rabdeau's motion for reconsideration is denied.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion to alter the judgment (Docket # 28) is **DENIED**.

Dated at Milwaukee, Wisconsin this 25th day of March, 2024.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge

4